**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JUDY IRIS GROSS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-05-0703 |
| | § | |
| DOUGLAS DRETKE, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND OPINION**

Petitioner, Judy Iris Gross, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a 2003 state felony conviction for hindering apprehension. Respondent filed a motion for summary judgment, (Docket Entry No. 6), with a copy of the state court record. Gross has not filed a response. Based on careful consideration of the pleadings, the motion, the record, and the applicable law, this court grants respondent's motion and, by separate order, enters final judgment. The reasons are set out below.

I.     **Background**

Judy Iris Gross was charged by information with providing Robert Gross, her estranged husband and a convicted felon, with the means of avoiding arrest and effecting escape with the intent to hinder his arrest.[1] The information charged that Gross knew that Robert Gross was a convicted felon. *Ex parte Gross,* Application No. 60,405-01 at 59.

---

[1] Petitioner is referred to as "Gross" and her estranged husband as "Robert Gross."

Gross pleaded guilty to the third-degree felony offense of hindering apprehension.  (Cause Number 968308).   On November 17, 2003, the court sentenced her to ten years imprisonment.

On January 26, 1990, Robert Gross was convicted in the 351st Judicial District Court of Harris County, Texas of burglary of a habitation with intent to commit theft.  (Cause Numbers 546976 & 548956).  The court sentenced Robert Gross to two 25-year prison terms to be served concurrently.  Robert Gross was released on parole on October 13, 1997 and returned to TDCJ-CID custody on January 22, 2004.

Gross filed an application for state habeas corpus relief on August 25, 2004, which the Texas Court of Criminal Appeals denied without written order, on findings of the trial court, without a hearing on November 27, 2004.  *Ex parte Gross,* Application No. 60,405-01 at cover.  On March 3, 2005, this court received Gross's federal petition.  The reasons she asserts for finding her conviction void are listed below.

    (1)    The information was defective because:

        a.    it failed to allege that Gross had prior knowledge that Robert Gross had an outstanding felony warrant pending and that Gross knowingly and intentionally hindered the apprehension or prosecution of Robert Gross; and

        b.    the grand jury was not presented with any facts to indict Robert Gross for evading arrest or failure to identify.

    (2)    Counsel, Jim F. Barr, provided ineffective assistance to Gross by failing to:

        a.    file any motions or continuances;

        b.    admonish her before she signed the indictment waiver;

2

    c.     review all of the facts of the case;

    d.     review the elements of the charge on the indictment;

    e.     interview Robert Gross and the arresting officer or present them as witnesses;

    f.     review the police report; and

    g.     advise her of trial options instead of demanding that Gross take the plea agreement.

(3)    Gross's guilty plea was involuntary because trial counsel failed to:

    a.     explain the indictment waiver and advise her to accept a fundamentally insufficient defective indictment;

    b.     file a motion to quash the indictment;

    c.     investigate facts, research law, and move for a continuance;

    d.     advise her that she had a right to trial and the appeal process; and

    e.     present favorable witnesses, including Robert Gross and the arresting officer.

(4)    Her sentence was illegal because the element of intent was not properly addressed to enhance her punishment to a third-degree felony.

(Docket Entry No. 1, Petition for Writ of Habeas Corpus, p. 7).

Respondent argues that Gross's claims are time-barred and procedurally defaulted and that her claims lack merit. This court will consider Gross's claims on the merits.

## II.    The Applicable Legal Standards

Gross's petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Subsections 2254(d)(1) and (2) of AEDPA set out the standards of review

3

for questions of fact, questions of law, and mixed questions of fact and law that result in an

"adjudication on the merits."  An adjudication on the merits "is a term of art that refers to

whether a court's disposition of the case is substantive, as opposed to procedural." *Miller*

*v. Johnson,* 200 F.3d 274, 281 (5th Cir. 2000).

> The AEDPA provides as follows, in pertinent part:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

>> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

>> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

> (e)

>> (1)  In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

A state-court determination of questions of law and mixed questions of law and fact

is reviewed under 28 U.S.C. § 2254(d)(1) and receives deference unless it "was contrary to,

or involved an unreasonable application of clearly established Federal law, as determined by

the Supreme Court of the United States." *Hill v. Johnson,* 210 F.3d 481, 485 (5th Cir. 2000).

4

A state-court decision is "contrary to" Supreme Court precedent if: (1) the state court's conclusion is "opposite to that reached by [the Supreme Court] on a question of law" or (2) the "state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" and arrives at an opposite result.  *Williams v. Taylor,* 120 S. Ct. 1495 (2000).  A state court unreasonably applies Supreme Court precedent if: (1) it unreasonably applies the correct legal rule to the facts of a particular case; or (2) it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 1495.  In deciding whether a state court's application was unreasonable, this court considers whether the application was "objectively unreasonable." *Id.* at 1495; *Penry v. Johnson,* 215 F.3d 504, 508 (5th Cir. 2000).  Questions of fact found by the state court are "presumed to be correct . . . and [receive] deference . . . unless it 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Hill,* 210 F.3d at 485 (quoting 28 U.S.C. § 2254(d)(2)).

While, "[a]s a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases," *Clark v. Johnson,* 202 F.3d 760, 764 (5th Cir.), *cert. denied,* 531 U.S. 831 (2000), the rule applies only to the extent that it does not conflict with the habeas rules.  Section 2254(e)(1) – which mandates that findings of fact made by a state court are "presumed to be correct" – overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the nonmoving party.  Unless the

petitioner can "rebut[ ] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, these findings must be accepted as correct. *Smith v. Cockrell,* 311 F.3d 661, 668 (5th Cir. 2002).

In this circuit, *pro se* habeas petitions are construed liberally and are not held to the same stringent and rigorous standards as are pleadings filed by lawyers. *See Martin v. Maxey,* 98 F.3d 844, 847 n.4 (5th Cir. 1996); *Guidroz v. Lynaugh*, 852 F.2d 832, 834 (5th Cir. 1988); *Woodall v. Foti,* 648 F.2d 268, 271 (5th Cir. Unit A June 1981). This court broadly interprets Gross's state and federal habeas petitions, *Bledsue v. Johnson,* 188 F.3d 250, 255 (5th Cir. 1999).

## III.    The Claim of a Void Indictment

The record shows that Gross signed a 2-page document entitled, "INFORMATION/WAIVER OF INDICTMENT." The information provided:

> IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:
>
> Comes now the undersigned Assistant District Attorney of Harris County, Texas, in behalf of the State of Texas, and presents in and to the District Court of Harris County, Texas, that in Harris County, Texas, JUDY IRIS GROSS, hereafter styled the Defendant, heretofore on or about NOVEMBER 15, 2003, did then and there unlawfully, with intent to hinder the ARREST of ROBERT GROSS, a person convicted of a felony, [s]he provided and aided in providing ROBERT GROSS with means of avoiding arrest and effecting escape, and the Defendant knew that ROBERT GROSS was convicted of a felony.
>
> AGAINST THE PEACE AND DIGNITY OF THE STATE.

6

*Ex parte Gross,* Application No. 60,405-01 at 59.  Gross signed a document entitled, "WAIVER OF INDICTMENT," which provided in part, "I am the defendant named in the above felony information. My attorney has explained to me my right to be prosecuted by grand jury indictment which I hereby waive, and I consent to the filing of the above felony information." *Id.* at 60.

The sufficiency of a state indictment or information is not a basis for federal habeas relief unless the indictment is so defective that it deprives the state court of jurisdiction. *Yohey v. Collins,* 985 F.2d 222, 228 (5th Cir. 1993).  A claim of insufficiency of the indictment provides a basis for federal habeas relief only when the indictment is so defective that under no circumstances could a valid state conviction result from proving the facts alleged. *Morlett v. Lynaugh*, 851 F.2d 1521, 1523 (5th Cir. 1988).  Sufficiency is determined by looking to the law of the state that issued the indictment.  *Alexander v. McCotter*, 775 F.2d 595, 598 (5th Cir. 1985).

Article 21.03 of the Texas Code of Criminal Procedure provides that an indictment should include all that is necessary to be proved.  The rule also applies to an information. TEX. CODE CRIM. PROC. Art. 21.23.  A 1985 amendment to the Texas Constitution provides that the "presentment of an indictment or information to a court invests the court with jurisdiction of the cause."  TEX. CONST. art. V, § 12(b).  This amendment  applies to all indictments returned after September 1, 1985.  *Id*.  The Fifth Circuit has held that "due deference must be given to the state court's interpretation of the 1985 amendment, and that alleged defects in an indictment do not deprive the state trial courts of jurisdiction." *McKay*

*v. Collins,* 12 F.3d 66, 68 (5th Cir.), *cert. denied,* 513 U.S. 854 (1994).  C. Barnett, an

Assistant District Attorney of Harris County, Texas, returned the information against Gross

on November 15, 2003. *Id.* at 59.  The 1985 amendment applies. This court accords due

deference to the state court's decision.

Gross raised her void indictment issue in the state court, arguing that the indictment

failed to allege all the elements of the felony offense of hindering apprehension.  Gross

alleged that she should have been charged with a Class A misdemeanor.  The Texas Court

of Criminal Appeals denied Gross's habeas application without a written order, on findings

of the trial court.  *Id.* at cover.  The Fifth Circuit has noted that "the Texas Court of Criminal

Appeals in declining to grant relief has necessarily, though not expressly, held that the Texas

courts have jurisdiction and that the indictment is sufficient for that purpose." *McKay*, 12

F.3d at 68 (citing *Alexander v. McCotter*, 775 F.2d at 599).  Gross  presented her defective

indictment claim to the highest state court.  That court necessarily found that the trial court

had jurisdiction over the case.  *McKay,* 12 F.3d at 68.  Federal habeas relief cannot be

granted on the basis that the information was insufficient under Texas law.  *Millard v.*

*Lynaugh*, 810 F.2d 1403 (5th Cir.), *cert. denied,* 484 U.S. 838 (1987); *McKay v. Collins*, 12

F.3d at 69.

The information tracks the language of Texas Penal Code § 38.05.  An indictment that

tracks the language of the statute is legally sufficient.  *Bynum v. State,* 767 S.W.2d 769 (Tex.

Crim. App. 1989).  The information specifically alleged that Gross hindered the arrest of

Robert Gross and that Robert Gross was charged with a felony.  The deficient information argument fails.

To the extent Gross challenges the sufficiency of the evidence, that argument also fails.  The claim is procedurally barred; Gross did not raise insufficiency of the evidence in a direct appeal of her state conviction.  She raised the issue in her petition for state habeas relief, but the state habeas court refused to reach the issue because under Texas law, insufficiency of the evidence may be raised on direct appeal but not in a habeas proceeding.  *Ex parte Gross*, Application No. 60,405-01 at 49, Finding #2.  The Texas Court of Criminal Appeals denied relief "on the findings of the trial court."  *Id.* at Cover.  Gross's failure to raise this claim on direct appeal constituted a procedural default under state law.  *Renz v. Scott,* 28 F.3d 431 (5th Cir. 1994) (citing *Clark v. State of Texas,* 788 F.2d 309, 310 (5th Cir. 1986)); *Ellis v. Lynaugh,* 883 F.2d 363, 367 (5th Cir. 1989).  When a state court denies a prisoner's claims based on an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate (1) cause for the default and prejudice as a result of the alleged violation of federal law, or (2) a resulting fundamental miscarriage of justice.  *Coleman v. Thompson,* 501 U.S. 722, 750-51 (1991).  To grant a habeas petition due to a manifest miscarriage of justice, the petitioner "must show that a constitutional violation prevented him from showing his actual innocence" or "resulted in the conviction." *Ellis v. Collins,* 956 F.2d 76, 80 (5th Cir.), *cert. denied,* 503 U.S. 915 (1992).

Gross has not demonstrated cause for the default or prejudice as a result of the alleged violation of federal law.  Gross does not allege that her conviction resulted from, or was

contributed to, by a constitutional violation. She does not assert that the insufficiency of the evidence is wholly or partly the result of any constitutional violation. Gross has failed to establish a basis on which to avoid the procedural bar, which precludes consideration of a claim of insufficient evidence.

Even if this claim were not procedurally barred, it lacks merit. Gross explains that she and Robert Gross were traveling in the same vehicle, when a police officer stopped Gross for making a wrong turn. Gross complied with the officer's request for her driver's license and insurance documents. The officer questioned Robert Gross, who was seated in the passenger seat. The officer was unable to pull up the name Robert Gross provided. The officer arrested Robert Gross and placed him in the patrol car. The officer returned and asked Gross for the name of her passenger. Gross gave the same name that Robert Gross had given earlier. When the officer again asked for the name of her passenger, Gross gave Robert Gross's correct name.

Gross contends that the information did not allege, and the evidence did not show, the elements of the charged offense of hindering apprehension. Gross argues that Robert Gross had already been placed under arrest under a blue warrant relating to a parole violation. Gross did not hinder the arrest of Robert Gross because there was no allegation that Gross knew Robert Gross had an outstanding warrant for his arrest. The arresting officer assured Gross that giving false information would be a Class A misdemeanor. Robert Gross was not charged with additional charges, such as evading apprehension. Gross argues, at most, she should have been charged with giving false information under Texas Penal Code § 38.02.

10

As to the offense of hindering apprehension or prosecution, Texas law provides that:

> (a)  A person commits an offense if, with intent to hinder the arrest, prosecution, conviction, or punishment of another for an offense or, with intent to hinder the arrest, detention, adjudication, or disposition of a child for engaging in delinquent conduct that violates a penal law of the grade of felony, he:
>
> > (1)  harbors or conceals the other;
> >
> > (2)  provides or aids in providing the other with any means of avoiding arrest or effecting escape; or
> >
> > (3)  warns the other of impending discovery or apprehension.
>
> (b)  It is a defense to prosecution under Subsection (a)(3) that the warning was given in connection with an effort to bring another into compliance with the law
>
> .
>
> (c)  An offense under this section is a Class A misdemeanor, except that the offense is a felony of the third degree if the person who is harbored, concealed, provided with a means of avoiding arrest or effecting escape, or warned of discovery or apprehension is under arrest for, charged with, or convicted of a felony, or is in custody or detention for, is alleged in a petition to have engaged in, or has been adjudicated as having engaged in delinquent conduct that violates a penal law of the grade of felony, and the person charged under this section knew that the person they harbored, concealed, provided with a means of avoiding arrest or effecting escape, or warned of discovery or apprehension is under arrest for, charged with, or convicted of a felony, or is in custody or detention for, is alleged in a petition to have engaged in, or has been adjudicated as having engaged in delinquent conduct that violates a penal law of the grade of felony.

TEX. PENAL CODE § 38.05.

The information alleges that "with intent to hinder the ARREST of ROBERT GROSS, a person convicted of a felony, [s]he provided and aided in providing ROBERT GROSS with means of avoiding arrest and effecting escape, and the Defendant knew that ROBERT GROSS was convicted of a felony." *Ex parte Gross,* Application No. 60,405-01 at 59. Whether a defendant possessed such an intent must ordinarily be established by circumstantial evidence. *See Patrick v. State*, 906 S.W.2d 481, 487 (Tex. Crim. App. 1995) (holding that intent may be discerned from the acts, words, and conduct of the accused); *Griffin v. State*, 908 S.W.2d 624, 627 (Tex. App. - Beaumont 1995, no pet.) (holding that intent to defraud or harm may be established by circumstantial evidence); *Caddell v. State*, 865 S.W.2d 489, 492 (Tex. App. - Tyler 1993, no pet.) (holding that because direct evidence is rarely available to prove a conspiracy, circumstantial evidence must be relied on to prove the essential elements of the crime). During the traffic stop, Gross saw Robert Gross give a false name to the officer. After Robert Gross was placed in the patrol car, Gross identified Robert Gross to the officer by the same false name. A jury could reasonably conclude that Gross's intent in concealing Robert Gross's identity was to hinder his arrest, prosecution, or punishment. *King v. State*, 76 S.W.3d 659 (Tex. App. - Houston [14th Dist.] 2002, no pet.).

Gross argues that she did not hinder the arrest of Robert Gross because he was already under arrest when she gave the false information. Nothing in Section 38.05 requires that police have a warrant, probable cause, or an intent to arrest. *King v. State*, 76 S.W.3d 659 (Tex. App. - Houston [14th Dist.] 2002, no pet.). The offense rests on the intent of the defendant, not the intent of the police. If a person conceals or harbors another with the intent

to prevent his subsequent arrest, prosecution, conviction, or punishment, the elements of

Section 38.05 are satisfied even if police are still engaged in the preliminary investigation

of an offense and have not yet focused their suspicion on the person being concealed.

Gross argues that the evidence at most showed a violation of Texas Penal Code §

38.02, failure to identify.  (Docket Entry No. 2, Petitioner's Memorandum, pp. 2-3).  Section

38.02 of the Texas Penal Code provides in part:

> (a)  A person commits an offense if he intentionally refuses to give his name, residence address, or date of birth to a peace officer who has lawfully arrested the person and requested the information.
>
> (b) A person commits an offense if he intentionally gives a false or fictitious name, residence address, or date of birth to a peace officer who has:
>
>> (1)  lawfully arrested the person;
>>
>> (2)  lawfully detained the person; or
>>
>> (3)  requested the information from a person that the peace officer has good cause to believe is a witness to a criminal offense.
>
> (c)  Except as provided by Subsections (d) and (e), an offense under this section is:
>
>> (1)  a Class C misdemeanor if the offense is committed under Subsection (a); or
>>
>> (2)  a Class B misdemeanor if the offense is committed under Subsection (b).
>
> (d)  If it is shown on the trial of an offense under this section that the defendant was a fugitive from justice at the time of the offense, the offense is:

13

> (1)  a Class B misdemeanor if the offense is committed under Subsection (a); or
>
> (2)  a Class A misdemeanor if the offense is committed under Subsection (b).

*Id.*

There is no indication in the record that Gross intentionally refused to give her name, residence address, or date of birth to a peace officer who had lawfully arrested her and requested the information.  Gross gave false information about the identity of Robert Gross. Gross's argument that Robert Gross should have been charged with an offense is unavailing. Both Texas and federal courts recognize that prosecutors have broad discretion in deciding which cases to prosecute.  *Neal v. State*, 150 S.W.3d 169, 173 (Tex. Crim. App. 2004).  "If the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether to prosecute and what charge to file generally rests entirely within his or her discretion."  *State v. Malone Serv. Co.*, 829 S.W.2d 763, 769 (Tex. 1992); *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978) ("[i]n our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion").

Gross is not entitled to relief on this claim.

## IV.    The Claim as to the Voluntariness of the Guilty Plea

Gross claims that her guilty plea is involuntary because her counsel failed to advise her of other options.  (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, p. 7).  Gross

was arrested on November 15, 2003.  On November 17, 2003, Gross met with counsel and entered a guilty plea.  Gross contends that counsel should have sought an extension so he could interview the arresting officer and Robert Gross and review the police report, which showed that the police officer only planned to charge Gross with a misdemeanor offense.  Gross contends that instead, counsel did not advise her that she had a right to trial, but insisted that Gross accept the plea offer.

A federal court upholds a guilty plea challenged in a habeas corpus proceeding if the plea was knowing, voluntary, and intelligent.  *Hobbs v. Blackburn,* 752 F.2d 1079, 1081 (5th Cir.), *cert. denied,* 474 U.S. 838 (1985).  A guilty plea is invalid if the defendant does not understand the nature of the constitutional protection that she is waiving or if she has such an incomplete understanding of the charges against her that her plea cannot stand as an admission of guilt.  *Henderson v. Morgan,* 426 U.S. 637, 645 n.13 (1976).  The critical issue in determining whether a plea was voluntary and intelligent is "whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect."  *Taylor v. Whitley,* 933 F.2d 325, 329 (5th Cir. 1991), *cert. denied,* 503 U.S. 988 (1992).  If the record shows that the defendant "understood the charge and its consequences," a habeas court will uphold a guilty plea as voluntary even if the trial judge failed to explain the offense.  *Davis v. Butler,* 825 F.2d 892, 893 (5th Cir. 1987).

The record shows that on November 17, 2003, Gross appeared in open court and entered a guilty plea.  *Ex parte Gross,* Application No. 60,405-01 at 53-54.  The court

admonished Gross, in writing, as to the nature of the offense charged – hindering apprehension on November 15, 2003 – and the punishment range. *Id.* at 55. Gross signed a two-part document containing the admonishments. The first part, entitled "ADMONISHMENTS," listed twelve separate items. Gross placed her initials beside four of the twelve admonishments. *Ex parte Gross,* Application No. 60,405-01 at 55-56. The document stated that the range of punishment for the offense of hindering apprehension was two to ten years confinement in prison and a fine of $10,000. *Id.* at 55.

Gross placed her initials by each of six statements in the second part of the document, entitled "DEFENDANT'S WAIVERS AND STATEMENTS." *Id.* at 56-57. These statements verified that Gross had understood the trial court's written admonishments. The statements included an assertion that Gross was mentally competent. By initialing the statements, Gross acknowledged that the State would, under a plea bargain agreement, recommend a ten-year prison term; that she fully understood the consequences of the plea and had consulted with counsel; and that she freely and voluntarily entered her plea in open court, with her counsel's approval. *Id.* at 57. Gross's signature indicates that she understood the nature of the charge against her and the consequences of her plea.

Gross also signed a document entitled "WAIVER OF CONSTITUTIONAL RIGHTS, AGREEMENT TO STIPULATE, AND JUDICIAL CONFESSION." By her signature, Gross stated that she waived her constitutional right to a trial by jury; to the appearance, confrontation, and cross-examination of witnesses; and her right against self-incrimination. *Ex parte Gross,* Application No. 60,405-01 at 53-54. Gross attested to the truth of the

16

allegations in the indictment and confessed that she had committed the acts on November 15, 2003. *Id.* at 54. Gross, her attorney, and the State executed this document. Gross's court-appointed defense attorney signed the plea of guilty and a statement that he had fully discussed the plea and its consequences with Gross and believed that Gross had entered her plea knowingly and voluntarily. (*Id.* at 54).

By signing each of the documents and pleading guilty, Gross made declarations entitled to significant weight. "Solemn declarations in open court carry a strong presumption of verity" forming a "formidable barrier in any subsequent collateral proceedings." *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998) (quoting *Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977)). The trial court determined that Gross had entered her plea knowingly and voluntarily after discussing the case with her attorney. *Ex parte Gross,* Application No. 60,405-01 at 54. The documents that make up the record are entitled to a presumption of regularity under 28 U.S.C. § 2254(e), and this court accords evidentiary weight to these instruments. *Carter v. Collins,* 918 F.2d 1198, 1202 n.4 (5th Cir. 1990).

In her state habeas application, Gross argued that her guilty plea was involuntary because counsel rendered ineffective assistance. *Ex parte Gross*, Application No. 60,405-01 at 22. The state habeas court found that Gross failed to show that trial counsel's conduct fell below an objective standard of reasonableness and that but for counsel's alleged deficient conduct, there is a reasonable probability that the result of the proceeding would have been different. *Id.* at 49, Finding #2.

The Texas Court of Criminal Appeals also denied relief on Gross's claim for postconviction relief.  On habeas review, the federal courts are bound by the credibility choices made by the state court.  *Hogue v. Johnson,* 131 F.3d 466, 505 (5th Cir. 1997).  As a federal court in a habeas proceeding, this court is required to grant a presumption of correctness to a state court's explicit and implicit findings of fact if supported by the record.  *Loyd v. Smith,* 899 F.2d 1416, 1425 (5th Cir. 1990).  The state court record fairly supports the implicit finding that Gross's guilty plea was voluntary.  The record shows that Gross voluntarily entered a guilty plea after consulting with counsel.  The state court's decision to deny relief was not contrary to clearly established federal law as determined by the Supreme Court of the United States.  Gross's claim for habeas relief based on the involuntariness of her guilty plea lacks merit.  28 U.S.C. § 2254(d)(1).

**V.     The Claim of Ineffective Assistance of Counsel**

Gross claims that she did not knowingly and voluntarily enter her guilty plea because she did not receive effective assistance of counsel before and during the guilty plea proceedings.  (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, p. 7).  The longstanding test for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant."  *North Carolina v. Alford,* 400 U.S. 25, 31 (1970); *see Boykin v. Alabama,* 395 U.S. 238, 242 (1969); *Machibroda v. United States,* 368 U.S. 487, 493 (1962).

In *Hill v. Lockhart,* 474 U.S. 52 (1985), the Supreme Court held that the two-part test set forth in *Strickland v. Washington,* 466 U.S. 668 (1984), applies to cases involving guilty

18

pleas.  To prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) his counsel's actions fell below an objective standard of reasonableness; and (2) the ineffective assistance of counsel prejudiced him.  *Id.*; *Moawad v. Anderson,* 143 F.3d 942, 946 (5th Cir. 1998).  A court may resolve a claim by finding either that counsel rendered reasonably effective assistance or that there was a lack of prejudice.  There is no need to reach both components of the inquiry if the defendant makes an insufficient showing on one. *Strickland,* 466 U.S. at 697.

In assessing the reasonableness of counsel's performance, the court presumes that the performance falls within the "wide range of reasonable professional assistance" and that "the challenged action might be considered sound trial strategy."  *Strickland,* 466 U.S. at 689; *Gray v. Lynn,* 6 F.3d 265, 268 (5th Cir. 1993).  If counsel's action is based on well-informed strategic decisions, it is "well within the range of practical choices not to be second-guessed." *Rector v. Johnson,* 120 F.3d 551, 564 (1997) (quoting *Wilkerson v. Collins,* 950 F.2d 1054, 1065 (5th Cir. 1992), *cert. denied,* 509 U.S. 921 (1993)).

In the context of a guilty plea, prejudice is present if there is reasonable probability that absent counsel's errors the defendant would not have entered a guilty plea and would have insisted on a trial.  *United States v. Payne,* 99 F.3d 1273, 1282 (5th Cir. 1996); *Mangum v. Hargett,* 67 F.3d 80 (5th Cir. 1995), *cert. denied,* 516 U.S. 1133 (1996).  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  *Strickland,* 466 U.S. at 694.

Because Gross pleaded guilty to the offense, the inquiry is whether counsel's performance interfered with her ability to understand the nature of the charges against her and the consequences of her plea.  Once a guilty plea has been entered, nonjurisdictional defects in the proceedings against the defendant are waived, including all claims of ineffective assistance of counsel except insofar as the alleged ineffectiveness relates to the voluntariness of the guilty plea.  *Smith v. Estelle,* 711 F.2d 677, 682 (5th Cir.), *cert. denied sub nom. Smith v. McKaskle,* 466 U.S. 906 (1984).  This court will consider each of Gross's complaints against her defense counsel.

Gross claims that her trial counsel demanded that she accept the plea offer.  Respondent's summary judgment evidence shows that Gross stated, in court, in writing that she understood the trial court's admonishments; and fully understood the consequences of her guilty plea; and freely and voluntarily pleaded guilty.  *Ex parte Gross*, Application No. 60,405-01 at 42.  Gross also stated, in court, in writing that she had discussed the contents of the court's written admonishments with her attorney and understood them, and she was satisfied with the representation trial counsel had provided.  *Id.* at 39.  These documents are entitled to a presumption of regularity under 28 U.S.C. § 2254(e), and this court gives them evidentiary weight.  *Carter v. Collins,* 918 F.2d 1198, 1202 n.4 (5th Cir. 1990).

The state habeas court found that Gross failed to show that trial counsel's conduct fell below an objective standard of reasonableness and that but for counsel's alleged deficient conduct, there is a reasonable probability that the result of the proceeding would have been different.  *Ex parte Gross*, Application No. 60,405-01 at 49, Finding #2.  This court affords

the state court's factual findings a presumption of correctness, which Gross has failed to rebut. 28 U.S.C. § 2254(d)(2). From the record, it appears that counsel reviewed the evidence against Gross and advised Gross to enter a guilty plea. *Ex parte Gross,* Application No. 60,405-01 at 39. Based on his review of the evidence and his knowledge of the law, counsel told Gross that she should enter a plea of guilty. Counsel's actions were based on well-informed strategic decisions within the range of practical choices, not to be second-guessed. The state court's decision was a reasonable application of the law to the facts and was not contrary to clearly established federal law as determined by the Supreme Court of the United States. Relief cannot be granted under 28 U.S.C. § 2254(d)(1).

Gross also asserts that her trial counsel failed to explain the indictment waiver and advised her to waive her right to an indictment. Gross explains that she did not knowingly waive the indictment. The record shows that when Gross signed the "WAIVER OF INDICTMENT," she admitted that her attorney explained her right to be prosecuted by grand jury indictment, which she waived and consented to the filing of a felony information. *Ex parte Gross,* Application No. 60,405-01 at 60. Gross's claim is not supported by the record.

The information tracked the statute and included all essential elements required by Section 38.05. Gross's trial counsel was not required to file a frivolous motion to quash the indictment. Counsel cannot be deficient for failing to press a frivolous point. *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990); *Green v. Johnson,* 160 F.3d 1029, 1036-37 (5th Cir. 1998), *cert. denied,* 525 U.S. 1174 (1999) (citing *Sones v. Hargett,* 61 F.3d 410, 415 (5th Cir. 1995)). Gross faults counsel for failing to file a motion to quash on the ground that

the State's underlying evidence would not support her conviction.  This is not a proper ground to quash an indictment.  *State v. Brock,* 788 S.W.2d 920, 922 (Tex. App.--Houston [1st Dist.] 1990, pet. ref'd).  Defendants may not challenge the sufficiency of the evidence to support an indictment by the grand jury.  *Beets v. State,* 767 S.W.2d 711, 723 (Tex. Crim. App. 1987).  Appellate courts will not review the sufficiency of the evidence presented to the grand jury to determine whether an indictment was justified.  *Dean v. State,* 749 S.W.2d 80, 82 (Tex. Crim. App. 1988); *Polk v. State,* 749 S.W.2d 813, 817 (Tex. Crim. App. 1988); *Brock*, 788 S.W.2d at 922.  An indictment returned by a legal and unbiased grand jury, that is valid on its face, mandates a trial of the charge on its merits.  *Brooks v. State,* 642 S.W.2d 791, 795 (Tex. Crim. App. 1982); *Brock,* 788 S.W.2d at 922.

Gross next alleges that her trial counsel failed to investigate the facts of the case, research the law, and move for a continuance on the ground that he was unprepared to develop a defensive theory.  To establish her failure to investigate claim, Gross must allege with specificity what a proper investigation would have revealed and how it would have benefitted her.  *United States v. Glinsey*, 209 F.3d 386, 393 (5th Cir. 2000) (citing *United States v. Green,* 882 F.2d 999, 1003 (5th Cir. 1989)).  She must also show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.  The record suggests that the facts of the case were not complicated.  During a traffic stop, the officer asked Robert Gross to identify himself. He gave a false name.  The officer placed Robert Gross in the patrol car and asked Gross for the name of her passenger.  Gross did not give the officer Robert Gross's correct name.  After a second

22

request by the officer, Gross gave Robert Gross's correct name.  There was an outstanding blue warrant for Robert Gross's arrest based on a parole violation.  Gross does not explain how any additional investigation would have changed the outcome of the proceedings.

Gross alleges that counsel failed to advise her that she had a right to trial and the appeal process.  The court finds no support for this claim in the record.  Gross signed the "WRITTEN PLEA ADMONISHMENTS," which state in pertinent part:

> I hereby acknowledge that I have accepted the plea bargain offer extended to me by the State.  I understand that if the court follows the plea bargain agreement the court will not permit me to appeal my case.  I hereby give up any and all rights that I may have to appeal this case, including any right that I may have to file a motion for new trial . . . . Joined by my counsel, I waive and give up my right to a jury in this case and my right to require the appearance, confrontation and cross-examination of the witnesses.  I consent to oral and written stipulations of evidence in this case . . .

*Ex parte Gross,* Application No. 60,405-01 at 57.

The Written Plea Admonishments informed Gross before entering her plea that she was waiving her right to a jury trial and appeal.  By signing each of the documents and pleading guilty, Gross made declarations entitled to significant weight.  *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998).

Gross claims that counsel was ineffective in failing to present witnesses on her behalf. Gross contends that counsel should have sought an extension so he could interview the arresting officer and Robert Gross.  Gross claims that the police officer would have confirmed that he told Gross she would only be charged with a misdemeanor offense.  Gross

offers the affidavit of Robert Gross in which he states that his estranged wife did not know there was an outstanding warrant for his arrest and that the arresting officer assured Gross that she would be charged with a misdemeanor offense.  (Docket Entry No. 3, Attachment 1, p. 1).

Gross does not explain how the result of the proceedings would have been different if counsel had conducted these additional interviews.  Gross's claims that her counsel failed to conduct an adequate investigation of the facts and present a meaningful defense, do not meet the criteria necessary to overcome waiver or provide a basis for habeas relief on the merits.  Gross is not entitled to habeas relief on these claims.

The Texas Court of Criminal Appeals denied habeas relief.  The state court's decision to deny relief was not contrary to clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1).  Gross's claim for habeas relief based on the ineffective assistance of counsel lacks merit.

## VI.    The Claim Based on an Improper Sentence

Gross argues that her sentence is illegal because there was no proof that she knew that there was an outstanding blue warrant for Robert Gross's arrest.  Without the intent element, Gross argues that her offense was a Class A misdemeanor, not a third degree felony.  This claim is predicated on a violation of state law.  A state prisoner seeking federal court review of his conviction under 28 U.S.C. Section 2254 must assert a violation of a federal constitutional right. *Lawrence v. Lensing,* 42 F.3d 255, 258 (5th Cir. 1994).  Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural

24

law, unless a federal issue is also presented. *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991). The question before a federal habeas corpus court is not whether the state court correctly applied its own interpretation of state law. Rather, the question is whether the petitioner's federal constitutional rights were violated. *Neyland v. Blackburn,* 785 F.2d 1283, 1293 (5th Cir.), *cert. denied*, 479 U.S. 930 (1986).

This court also finds that Gross's claim based on improper sentence is meritless. Gross was charged by information with hindering apprehension of Robert Gross, and that she knew that Robert Gross was convicted of a felony. *Id.* at 59. Because the charge specified that Judy Gross knew that Robert Gross was a convicted felon, the charge set forth the elements of a third-degree felony. TEX. PENAL CODE § 38.05. By pleading guilty, Gross admitted that she committed the charged offense. *Ex parte Gross*, at 62; *Taylor v. Whitley*, 933 F.2d 325, 327 (5th Cir. 1991).

The penalty range for a third-degree felony is not more than ten years or less than two years. TEX. PENAL CODE § 12.34(a). Gross was sentenced to ten years. *Ex parte Gross*, at 62. Her sentence falls within the punishment range for a third-degree felony. The state habeas court found that Gross failed to show that the sentence in the primary case was illegal because the ten year sentence was within the lawful range of punishment for a third-degree felony under TEX. PEN. CODE ANN. § 12.34 (Vernon 2003). *Ex parte Gross*, Application No. 60,405-01 at 49, Finding #3. The Texas Court of Criminal Appeals also denied relief on Gross's claim for postconviction relief. The state court's decision to deny relief was not

contrary to clearly-established federal law as determined by the Supreme Court of the United States.  Gross is not entitled to habeas relief on this claim.

## VII.   Conclusion

Respondent's Motion for Summary Judgment, (Docket Entry No. 6), is granted. Gross's petition for a writ of habeas corpus is denied.  This case is dismissed.  Any remaining pending motions are denied as moot.

Under the AEDPA, a petitioner must obtain a certificate of appealability before he can appeal the district court's decision.  28 U.S.C. § 2253(c)(1).  This court will grant a COA only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).   In order to make a substantial showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). When the district court has denied a claim on procedural grounds, however, the petitioner must also demonstrate that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.*  As the Supreme Court made clear in its recent decision in *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003), a COA is "a jurisdictional prerequisite," and "until a COA has been issued federal courts of appeals lack jurisdiction to rule on the merits of appeals from habeas petitioners."  When considering a request for a COA, "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate."  *Id.* at 325.

26

Because Gross has not made the necessary showing, this court will not issue

a COA.

     SIGNED on March 29, 2006, at Houston, Texas.

                                           Lee H. Rosenthal
                               United States District Judge